EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| VS PR, LLC<br><br>Peticionaria<br><br>v.<br><br>Drift-Wind, Inc.; ORC Miramar Corporation<br><br>Recurridos | Certiorari<br><br>2021 TSPR 76<br><br>207 DPR \_\_\_\_ |

Número del Caso: CC-2019-519

Fecha: 3 de junio de 2021

Tribunal de Apelaciones:

   Panel V

Abogado de la parte peticionaria:

   Lcdo. Hermán G. Colberg Guerra

Abogados de la parte recurrida:

   Lcdo. Edilberto Berríos Pérez
   Lcdo. Giovanni A. Lausell-González

Materia: Procedimiento Civil- Los tribunales sentenciadores tienen discreción para precisar si el efecto de una desestimación bajo la Regla 69.5 de Procedimiento Civil es con o sin perjuicio.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

| | |
|---|---|
| VS PR, LLC<br><br>    Peticionaria<br><br><br>       v.<br><br>Drift-Wind, Inc.; ORC<br>Miramar Corporation<br><br>    Recurridos | CC-2019-0519 |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 3 de junio de 2021.

Mediante el presente recurso nos corresponde aclarar el alcance de lo resuelto por este Tribunal en *Bram v. Gateway Plaza, Inc.*, infra. Específicamente, si la naturaleza de una desestimación por incumplimiento con la prestación oportuna de una fianza de no residente necesariamente configura una adjudicación en los méritos o si es permisible que los tribunales decreten que sea sin perjuicio.

A continuación, delineamos los antecedentes fácticos que generaron la controversia de autos.

**I**

En el 2011, ORC Miramar Corporation (ORC) y Drift-Wind, Inc. acordaron el arrendamiento y encargo de las operaciones

del Ciqala Condominium Tower ubicado en Miramar; la primera entidad compareció en calidad de arrendadora y la segunda en calidad de arrendataria. El año siguiente, ORC obtuvo un préstamo comercial del Banco de Desarrollo Económico para Puerto Rico (BDE) y, en garantía de la obligación pactada, cedió a este los cánones de arrendamiento provenientes de Drift-Wind, Inc.[1]

El 31 de julio de 2018, VS PR, LLC (peticionaria) presentó una Demanda contra Drift-Wind, Inc. (recurrida), en la que incluyó como parte indispensable a ORC. En esta, alegó que la recurrida debía remitirle los pagos adeudados y futuros por concepto de cánones de arrendamiento. Esbozó que en el 2017 adquirió del BDE el préstamo comercial habido entre este y ORC. Así, afirmó haber sustituido al BDE como acreedor asegurado de ORC ya que con tal adquisición se le cedieron los derechos del acreedor anterior, incluyendo el derecho a recibir los cánones de arrendamiento provenientes de la recurrida. Junto a la Demanda, la peticionaria presentó una *Moción Solicitando Embargo Preventivo en Aseguramiento de Sentencia*. El Tribunal de Primera Instancia señaló una Vista para el 28 de agosto de 2018, en donde atendería la solicitud referente al embargo preventivo.

Así las cosas, el 27 de agosto de 2018 la recurrida presentó, sin someterse a la jurisdicción del tribunal, una

---

[1] El 16 de noviembre de 2012, Drift-Wind, Inc. fue notificada de la cesión de derechos y aceptó remitirle los cánones de arrendamiento al Banco de Desarrollo Económico para Puerto Rico. Apéndice de la Petición de *Certiorari*, págs. 30-31.

Moción mediante la cual solicitó la paralización de los procedimientos. Expuso que procedía la imposición de una fianza de no residente al amparo de la Regla 69.5 de Procedimiento Civil, *infra*, contra la peticionaria por ser una compañía de responsabilidad limitada organizada bajo las leyes de Delaware.

El 28 de agosto de 2018, las partes comparecieron a la Vista señalada por el Tribunal de Primera Instancia. Tras escuchar a las partes, el foro de instancia paralizó los procedimientos y exigió a la peticionaria la prestación de una fianza de no residente ascendente a cinco mil dólares ($5,000.00) dentro del término de sesenta (60) días.

El 30 de octubre de 2018, la recurrida solicitó la desestimación del pleito y el pago de costas y honorarios de abogado por haber transcurrido el término sin que la peticionaria prestara la fianza exigida. ORC se unió a este petitorio el 6 de noviembre de 2018. Así las cosas, el foro primario le concedió a la peticionaria hasta el 16 de noviembre de 2018 para mostrar causa por la cual no debía desestimarse el pleito.

El 16 de noviembre de 2018, la peticionaria compareció ante el foro de instancia, consignó la fianza, y solicitó que el tribunal la aceptara y continuara los procedimientos. Brindó como excusa para la tardanza en prestar la fianza que "hubo cambios internos en VSPR que impidieron tomar una decisión sobre la continuación del presente pleito. VSPR además consideró otras posibles alternativas para lidiar con

el reclamo de autos [...]".[2] Las demás partes se opusieron a la continuación de los procesos. Adujeron que la peticionaria no había pedido prórroga para prestar la fianza fuera del término requerido ni acreditó justa causa por la tardanza. Así, pidieron la desestimación de la Demanda con perjuicio.

Considerados los planteamientos, el Tribunal de Primera Instancia dictó Sentencia el 26 de diciembre de 2018, en la cual desestimó la Demanda **sin perjuicio**.[3] El foro primario razonó que procedía la desestimación porque la peticionaria no solicitó prórroga antes de que venciera el término para prestar la fianza y tampoco demostró justa causa para haberla presentado tardíamente. A su vez, no concedió los honorarios de abogado y costas solicitados por la recurrida.

Convencida de que la desestimación debió ser con perjuicio, y que era acreedora del pago de costas y honorarios de abogado, la recurrida solicitó que el foro sentenciador reconsiderara su dictamen. Poco después, el foro de instancia proveyó No Ha Lugar a la reconsideración instada.[4]

Insatisfecha, la recurrida acudió al Tribunal de Apelaciones. El 23 de abril de 2019, el foro apelativo intermedio dictó Sentencia mediante la cual modificó el dictamen del Tribunal de Primera Instancia. Fundamentándose en *Bram v. Gateway Plaza, Inc.*, infra, resolvió que el

---

[2] *Íd.*, pág. 149.
[3] *Íd.*, págs. 212-213.
[4] *Íd.*, pág. 237.

descuido en prestar la fianza de no residente en el término establecido por las Reglas de Procedimiento Civil, a falta de causa justificada, conllevaba la desestimación del pleito con efecto de una adjudicación en los méritos. En cuanto a lo aquí pertinente, resolvió además que procedía la imposición de honorarios de abogado a favor de la recurrida ya que la peticionaria actuó temerariamente al no haber previsto que el inicio de la causa de acción suponía la obligación de prestar una fianza de no residente, y porque luego de conocer esa obligación, vaciló sobre la continuación del pleito. La cantidad impuesta por honorarios fue de mil dólares ($1,000.00).

Inconforme con la determinación del Tribunal de Apelaciones, y posterior a solicitar infructuosamente la reconsideración de la Sentencia, la peticionaria acudió ante nos el 3 de julio de 2019 mediante el recurso de *Certiorari*. Planteó que incidió el *foro a quo* al modificar la Sentencia dictada por el tribunal primario, tornando así la desestimación en una con perjuicio. Argumentó que la jurisprudencia no requiere tal sanción e incluso nuestro ordenamiento jurídico ha establecido que se debe fomentar la resolución de los casos en sus méritos y solo debe recurrirse a la sanción de desestimación con perjuicio como última medida. Además, señaló como error el que se le impusiera el pago de honorarios ya que no actuó temerariamente en el trámite del caso.

Inicialmente denegamos expedir el recurso, pero eventualmente expedimos en reconsideración.

Luego de varios incidentes procesales, el 15 de enero de 2021 el caso quedó sometido en los méritos para su adjudicación. Contando con el beneficio de los alegatos de las partes, nos encontramos en posición de resolver el recurso sin ulterior trámite.

## II

### A.

Las Reglas de Procedimiento Civil proveen cierto grado de protección a quienes son demandados por personas que no residen en Puerto Rico. Cuando un reclamante no reside en nuestra jurisdicción, el demandado podría enfrentar dificultades para recuperar los costos que conlleva el defenderse de una reclamación en su contra. La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, se creó en aras de garantizar el pago de costas, gastos y honorarios de abogado en pleitos instados por no residentes. *Yero Vicente v. Nimay Auto Corp.*, 2020 TSPR 100, 205 DPR _____ (2020). Además, tiene el objetivo de desalentar litigios frívolos y carentes de mérito. *Íd.*

Aunque con algunos cambios, desde la creación del primer cuerpo de normas que regulaba nuestro ordenamiento procesal civil se ha mantenido la exigencia de una fianza de no residente a los reclamantes que no habitan en Puerto Rico.[5]

---

[5] Los Arts. 342 y 343 del Código de Enjuiciamiento Civil de 1933 recogían lo relativo a las fianzas de no residentes. Posteriormente, cuando en el 1958 se introdujeron en nuestro ordenamiento jurídico las Reglas de

Actualmente, la Regla 69.5 de Procedimiento Civil, *supra*,

establece que:

> **Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares.** El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.

> **Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza** o de la fianza adicional **sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.**

> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
> (a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
> (b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o
> (c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

De una lectura de la Regla se desprende que la exigencia

de la fianza a un reclamante no residente es de carácter

mandatorio y todo procedimiento en el pleito queda

suspendido hasta que se preste. No obstante, existen

excepciones a la aplicación inflexible y automática de la

---

Procedimiento Civil, las disposiciones sobre estas fianzas fueron plasmadas en la Regla 69.5 y, a pesar de sufrir enmiendas y aprobarse otras Reglas de Procedimiento Civil, han permanecido bajo ese número de regla.

Regla.[6] La norma vigente refleja expresamente las excepciones jurisprudenciales que hemos adoptado para la prestación de la fianza, a saber: (1) litigantes *in forma pauperis*;[7] (2) copropietarios en un pleito que involucre una propiedad sita en Puerto Rico cuando al menos uno de los copropietarios reclamantes reside en Puerto Rico,[8] y (3) comuneros que buscan la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.[9]

Si el reclamante extranjero que no está exento de prestar la fianza falla en presentarla dentro del término de sesenta (60) días establecido por la Regla, el tribunal ordenará la desestimación del pleito. El lenguaje provisto por el cuerpo normativo no es potestativo como en algún momento lo fue ("el juez **puede ordenar** el sobreseimiento"), sino que es imperativo ("el tribunal **ordenará** la desestimación del pleito"). *Yero Vicente v. Nimay Auto Corp.*, supra. Así, ante el incumplimiento con el término, el tribunal está obligado a imponer como sanción la desestimación. *Íd.* Pese a esto, el término que fija la Regla 69.5 de Procedimiento Civil puede ser prorrogado o reducido bajo los términos y condiciones que señala la Regla 68.2, 32 LPRA Ap. V. Véase *A.P.P.R. v. Tribunal Superior*, 104 DPR 307, 309 (1975). En virtud de la Regla 68.2, cuando se

---

[6] *Sucn. Padrón v. Cayo Norte*, 161 DPR 761, 766-767 (2004) ("[E]n oportunidades anteriores hemos reconocido excepciones a la aplicación inflexible y automática de [la Regla 69.5], ya que bajo ciertas circunstancias dicho mandato limitaría injustamente el derecho de muchos demandantes a acceder a los tribunales de justicia").

[7] *Molina v. C.R.U.V.*, 114 DPR 295 (1983).

[8] *Vaillant v. Santander*, 147 DPR 338 (1998).

[9] *Sucn. Padrón v. Cayo Norte*, supra.

demuestre justa causa, el tribunal puede en cualquier momento y en el ejercicio de su discreción: (1) ordenar que se prorrogue o acorte el término si así se solicita antes de este expirar, o (2) en virtud de moción presentada, permitir que el acto se realice después de haber expirado el plazo especificado.

**B.**

La desestimación de una reclamación es un pronunciamiento judicial que, cuando se entiende como una resolución del caso en los méritos, ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250. Por ello, a pesar de que nuestro Derecho Procesal Civil le confiere la facultad a los tribunales para desestimar pleitos con perjuicio en determinadas circunstancias, dicha facultad "se debe ejercer juiciosa y apropiadamente". *Ortiz v. Harrington*, 113 DPR 494, 498 (1982). La razón para ejercer esta facultad con mesura es que la desestimación tiene el efecto de privar al demandante de su día en corte para hacer valer las reclamaciones que válidamente tenga en contra de otros.

Reconociendo lo anterior, este Tribunal ha desarrollado una política pública judicial inclinada a favorecer que los casos se ventilen en los méritos y que se recurra a la desestimación de un pleito con perjuicio excepcionalmente. Véase *Mejías v. Carrasquillo*, 185 DPR 288, 298 (2012). Por

ende, al ponderar si procede imponer la sanción severa de la desestimación, los tribunales deben hacer un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias.

En lo atinente a la controversia de autos, cuando un demandante no residente incumple con las exigencias de la Regla 69.5 de Procedimiento Civil, *supra*, y el tribunal determina que el incumplimiento fue injustificado, procede la desestimación del pleito. Según previamente intimado, distinto a como ocurre con otras clases de desestimaciones, en estos casos el tribunal no goza de discreción para dejar de imponer tal sanción. Sin embargo, de la Regla 69.5, *supra*, no se desprende expresamente la consecuencia que tiene esta desestimación. Particularmente, la Regla no indica si la desestimación constituye una adjudicación en los méritos. La importancia de conocer el efecto de la desestimación estriba en que, si se considera una adjudicación terminante, no podría volverse a presentar una demanda sobre la misma controversia por ser de aplicación la doctrina de cosa juzgada. *Díaz Maldonado v. Socorro Lacot*, 123 DPR 261, 274-275 (1989).

Como del texto de la Regla 69.5 no surge expresamente el efecto que tiene una desestimación dictada en virtud de ella, debemos aplicar el principio de hermenéutica legal según el cual "la letra de la ley debe interpretarse de

manera cónsona con la intención legislativa que la inspiró". *León Torres v. Rivera Lebrón*, 2020 TSPR 21, 204 DPR ____ (2020). Del Informe de las Reglas de Procedimiento Civil, sometido por el Comité Asesor Permanente de Reglas de Procedimiento Civil, se desprende que el término para prestar fianza de no residente está cobijado por "las disposiciones de la Regla 68.2, por lo que podrá ser prorrogado o reducido previa demostración de justa causa [y] también **le son aplicables las disposiciones de la Regla 39.2"**. (Énfasis suplido). Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, marzo 2008, pág. 788. En consecuencia, para entender el efecto que tiene una desestimación bajo la Regla 69.5, *supra*, debemos examinar la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V.

La Regla 39.2 de Procedimiento Civil, *supra*, contempla la figura de la desestimación en distintas modalidades. En su inciso (a), se reconoce la facultad y discreción que posee el tribunal para desestimar una reclamación, como medida de sanción, por haber una parte incumplido con sus órdenes o por haberse infringido el cuerpo de reglas procesales.[10] Por su parte, el inciso (b) reglamenta las desestimaciones por inactividad. Mientras tanto, el inciso (c) primordialmente

---

[10] El texto reglamentario delimita la facultad del tribunal de imponer una sanción desestimatoria señalando que esta no debe utilizarse livianamente y exige un apercibimiento previo directamente a la parte desfavorecida. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 2020 TSPR 130, 205 DPR _____ (2020).

se encarga de las desestimaciones por insuficiencia de la prueba (*non-suit*).

Ahora bien, la Regla 39.2 no se limita a lo antedicho. Resaltamos que en su inciso (c), más allá de atenderse las mociones de *non-suit*, esta también incluye, *in fine*, una disposición aplicable a otras clases de desestimaciones. En específico, establece que:

> (c) [...] **A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 de este apéndice y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.** (Énfasis suplido).

El precitado inciso ilustra el efecto generalmente atribuible a las desestimaciones. Señala que **a menos que el tribunal lo disponga de otro modo**, una desestimación bajo la Regla 39.2 —ya fuera por incumplimiento con las órdenes del tribunal, inactividad o por insuficiencia de prueba— tiene el efecto de una adjudicación en los méritos (i.e. es con perjuicio). Incluso, la norma trasciende las desestimaciones decretadas bajo la Regla 39.2 y aclara ser igualmente aplicable cuando se trate de cualquier otra desestimación. Al mismo tiempo, de su texto surge que la consecuencia prevista por la Regla 39.2(c) es inaplicable cuando la desestimación haya sido dictada por falta de jurisdicción o por haberse omitido acumular una parte indispensable. Por supuesto, tampoco aplicaría si otra norma pauta un efecto

específico para determinada desestimación.[11] Empero, en ausencia de tales excepciones, la norma detallada cobija a cualquier desestimación decretada.

Partiendo de lo anterior, colegimos que cuando un tribunal desestima un pleito, generalmente tiene discreción para determinar si la desestimación será sin perjuicio; así posibilitando una posterior presentación de la misma reclamación. S*ouchet v. María Cosío*, 83 DPR 758, 762-763 (1961). Queda clara esta discreción cuando la Regla 39.2(c), *supra*, menciona que **la desestimación tiene el efecto de una adjudicación en los méritos, "[a] menos que el tribunal en su orden de desestimación lo disponga de otro modo"**. Por lo tanto, en caso de no especificarse su efecto, generalmente la desestimación es con perjuicio.

**C.**

No podemos adjudicar la presente controversia sin antes repasar el caso *Bram v. Gateway Plaza, Inc.*, 103 DPR 716 (1975) (*Per Curiam*). En aquel entonces, este Tribunal analizó, sucintamente, el efecto de una desestimación por incumplimiento con la prestación de la fianza de no residente.

---

[11] En ese sentido, podemos mencionar la desestimación por no diligenciarse oportunamente el emplazamiento conforme lo establece la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, en donde en lo pertinente se señala que: "Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos". Además, podemos mencionar la desestimación recogida en la Regla 22.1(b) de Procedimiento Civil, 32 LPRA Ap. V, por incumplimiento con el término de sustitución de parte por muerte, en donde se indica que: "Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio".

Allí, los demandantes residían fuera de Puerto Rico por lo que, a petición de la parte demandada, el tribunal de instancia impuso una fianza de no residente de mil dólares ($1,000.00) para mantener activa la acción. Los demandantes no prestaron la fianza dentro de los noventa (90) días que exigían las reglas procesales vigentes en ese momento. Como consecuencia, el tribunal desestimó la Demanda.

Cuando el caso llegó ante este Tribunal, resolvimos que la decisión del foro de instancia de desestimar la acción no fue errónea porque las razones brindadas para justificar la tardanza en la prestación de la fianza eran insuficientes para validar la negligencia implícita desplegada por la parte reclamante al dilatarse ciento ochenta (180) días en prestarla. En la discusión del derecho aplicable, enfatizamos que la Regla disponía de forma imperativa que, transcurrido el término sin que se prestara la fianza, el tribunal ordenaría la desestimación del pleito, en armonía con la solución justa, rápida y económica de todo procedimiento. *Íd.*, pág. 717. Manifestamos que el término para presentar la fianza "no es fatal e improrrogable en el sentido de que admite excusa fundada para la demora (Regla 68.2(2) de Procedimiento Civil), mas si la [excusa] presentada no fuere satisfactoria para el juez, su decisión desestimando la demanda tendrá virtualidad de cosa juzgada". *Íd.*, pág. 718. Seguidamente, y **haciendo referencia tanto a la Regla 69.5 como a la 39.2 de las Reglas de Procedimiento Civil** entonces vigentes, afirmamos que:

> Para que se cumpla la intención y propósito de la Regla 69.5 la desestimación del pleito debe tener finalidad. ¿De lo contrario para qué desestimarlo? La Regla 39.2 dispone que si el demandante deja de proseguir el pleito o de cumplir con las Reglas o con cualquier orden del tribunal ha de sufrir la desestimación del pleito con efecto de adjudicación en los méritos. Regla 41(b) Federal; *Costello v. United States*, 365 U.S. 265, 286 (1961). (Énfasis suplido). *Íd.*[12]

Ante ese cuadro fáctico, concluimos que la desestimación decretada por el foro de instancia tenía efecto de una adjudicación en sus méritos.

Valga aclarar que el caso fue resuelto bajo la vigencia de las Reglas de Procedimiento Civil de 1958. Posterior a las reglas procesales de 1958, entraron en vigor nuevas reglas en el 1979, las cuales a su vez fueron sustituidas por las actuales Reglas de Procedimiento Civil de 2009. Aunque el propósito de la Regla 69.5 no ha variado, su texto sí ha sufrido cambios tales como el reemplazo del término de noventa (90) días para prestar la fianza a uno menor de

---

[12] Las fuentes citadas al realizar estas expresiones fueron la Regla 41(b) de Procedimiento Civil Federal, 28 USC, y el caso *Costello v. United States*, 365 US 265 (1961). En primer término, hicimos referencia a la Regla 41(b) Federal pues nuestra Regla 39.2 surge de esta. La norma Federal establece el efecto generalmente atribuible a una desestimación. Véase *Santiago, González v. Mun. de San Juan*, 177 DPR 43, 52-53 (2009) (**"Una sentencia desestimatoria al amparo de la Regla 41(b) de Procedimiento Civil federal**, *supra*, **opera como una adjudicación en los méritos. Esto, a menos que el Tribunal de Distrito disponga lo contrario** o que la desestimación haya sido decretada por cualquiera de los fundamentos siguientes: falta de jurisdicción; competencia territorial inadecuada, y dejar de acumular una parte al amparo de la Regla 19 de Procedimiento Civil federal"). (Énfasis suplido). En segundo término, referenciamos a *Costello v. United States*, supra, para ilustrar cuándo la consecuencia establecida en la Regla 41(b) Federal aplicaba a determinada desestimación. En ese caso se indicó que debe evaluarse si el demandado ha sido puesto en la posición inconveniente de prepararse para cumplir con los méritos de una causa de acción. De no existir un impedimento jurisdiccional para que el tribunal alcance los méritos de la controversia, entonces la desestimación debería, **"unless the Court otherwise specifies**, bar a subsequent action". (Énfasis suplido). *Costello v. United States*, supra, pág. 286.

sesenta (60) días.[13] El texto de la Regla 39.2 de Procedimiento Civil vigente al momento de resolverse *Bram v. Gateway Plaza, Inc.*, supra, disponía lo siguiente:

> 39.2. Desestimación
>
> Si el demandante dejare de proseguir el pleito o de cumplir con estas reglas o con cualquier orden del tribunal, un demandado podrá solicitar la desestimación del pleito o de cualquier reclamación contra él. Después que el demandante haya terminado la presentación de su prueba, el demandado, sin renunciar al derecho de ofrecer prueba en el caso de que la moción sea declarada sin lugar, podrá solicitar la desestimación, fundándose en que bajo los hechos y la ley el demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra el demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. Si dictare sentencia sobre los méritos contra el demandante, el tribunal hará determinaciones de hechos según lo dispone la Regla 43.1. **A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta regla 39.2 y cualquier otra desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.** 32 LPRA ant. Ap. II, R. 39.2 (derogada 1979).

Puede apreciarse que, a pesar de los cambios que ha experimentado a través de los años, el texto que aparece al final de la Regla 39.2 vigente al momento de resolverse el susodicho caso es igual al texto final de la actual Regla 39.2(c).

---

[13] Cuando se aprobaron las Reglas de Procedimiento Civil de 1979, el único cambio introducido a la Regla fue que se aumentó la cantidad mínima de fianza a imponerse de trescientos dólares ($300) a mil dólares ($1,000). A su vez, la revisión de las Reglas realizada en el 2009 trajo cambios como la inclusión de tres (3) instancias en que se prescinde del pago de la fianza y la reducción del término que se tiene para prestarla. La reducción en término se adoptó para "agilizar el proceso y por no haber justificación para un término tan extenso". Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, marzo 2008, pág. 788.

Al leer lo resuelto en *Bram v. Gateway Plaza, Inc.*, supra, podría entenderse que como la sanción de desestimación es obligatoria cuando se incumple injustificadamente con la Regla 69.5, eso implica que la misma necesariamente tiene que constituir una adjudicación en los méritos. Sin embargo, nuestro precedente no tiene ese alcance. Más bien, lo que resolvimos en ese caso fue que el tribunal primario no actuó erróneamente al ordenar la desestimación de un pleito cuando la parte prestó la fianza seis (6) meses luego de haber vencido el término. Además, aludiendo a lo dispuesto por la Regla 39.2 de las Reglas de Procedimiento Civil de 1958, determinamos que la desestimación decretada tenía virtualidad de cosa juzgada. **En ese caso, contrario al de autos, no había indicios de que el tribunal de instancia en su orden de desestimación dispusiera de otro modo en cuanto a los efectos que tendría el dictamen. Es decir, el tribunal sentenciador no se manifestó en contra del efecto predeterminado indicado en la Regla 39.2, referente a que la desestimación del pleito representa una adjudicación en los méritos. Como el foro primario permaneció silente sobre el efecto que tenía la desestimación, resolvimos que esta puso finalidad a la reclamación conforme lo establece la Regla 39.2. Por lo tanto, no entramos a evaluar el asunto que atendemos en este momento: la facultad que tiene el tribunal para disponer que la desestimación por incumplimiento con la Regla 69.5 sea sin perjuicio.**

### III

En su primer y segundo señalamiento de error, la peticionaria cuestiona la interpretación del foro apelativo intermedio sobre la naturaleza de la desestimación que ocurre por incumplimiento con la Regla 69.5, *supra*. Los evaluaremos en conjunto por estar íntimamente relacionados.

Según señalamos previamente, recurrimos a las disposiciones de la Regla 39.2 al resolver la controversia presentada en *Bram v. Gateway Plaza, Inc.*, supra. En consecuencia, así lo haremos ahora. El inciso (c) de esta Regla nos ilustra que a "**menos que el tribunal en su orden de desestimación lo disponga de otro modo**, [...] **cualquier** [...] **desestimación**, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, **tienen el efecto de una adjudicación en los méritos**". (Énfasis suplido).

La peticionaria nos invita a adoptar una interpretación mediante la cual un primer incumplimiento con la prestación de la fianza de no residente debe siempre ser sin perjuicio, mientras que una segunda desestimación por la misma razón pudiera ser con perjuicio. Sin embargo, acoger tal interpretación como norma absoluta conllevaría avalar un análisis que no encuentra apoyo en el texto de la Regla ni en el tracto legislativo relativo a ella.[14] De hecho, tal

---

[14] Del historial legislativo no se desprende la intención de exceptuar las desestimaciones bajo la Regla 69.5 de la norma recogida en la Regla 39.2(c), en cuanto a que, si nada se expresa, la desestimación es con perjuicio. Es decir, no surge de las Reglas ni del historial que la primera desestimación por no prestar la fianza de no residente siempre debe ser una sin perjuicio y la segunda una con perjuicio. Precisamente

interpretación desatiende el precedente pautado en *Bram v. Gateway Plaza, Inc.*, supra, y lo expuesto en el acápite anterior. Al omitir ese análisis, se excluye la posibilidad de una primera y única desestimación con perjuicio en casos meritorios. Por tanto, declinamos adoptar en este momento un criterio tajante para precisar el efecto de una primera desestimación bajo la Regla 69.5.

En cambio, consideramos preferible no establecer parámetros específicos que reemplacen el ejercicio discrecional otorgado por la Regla 39.2 de Procedimiento Civil, *supra*, a los tribunales sentenciadores en lo concerniente al efecto a concederse a la desestimación por virtud de la Regla 69.5, *supra*. Así, resolvemos que los tribunales tienen discreción para precisar si el efecto de una desestimación bajo la Regla 69.5 es con o sin perjuicio.

Subrayamos que lo resuelto en *Bram v. Gateway Plaza, Inc.*, supra, continúa en pleno vigor. En armonía con la solución justa, rápida y económica de los procedimientos judiciales, la desestimación del pleito por incumplimiento con la Regla 69.5 debe tener finalidad y efecto de cosa juzgada. Esto pues, en términos generales, "una sentencia de archivo tiene la autoridad de cosa juzgada". *Sucesión Rosario v. Sucn. Cortijo*, 83 DPR 678, 684 (1961). No obstante, ampliamos este pronunciamiento para aclarar que **la desestimación debe tener finalidad y efecto de cosa juzgada,**

---

en *Bram v. Gateway Plaza, Inc., 103 DPR 716 (1975)* (*Per Curiam*) se trataba de una primera desestimación y resolvimos que fue con perjuicio.

**salvo que el tribunal, en el ejercicio de su discreción, decida lo contrario**. Al realizar una lectura integrada de las normas procesales aplicables, en esta ocasión, distinto a *Bram v. Gateway Plaza, Inc.*, sopesamos el rol que desempeña la discreción judicial al momento de decretar la desestimación. Conforme a esta normativa, el tribunal goza de discreción para establecer que la desestimación será sin perjuicio, pero si no lo hace, entonces se reputará que es con perjuicio.

Como es sabido, discreción significa "tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). El ejercicio del discernimiento discrecional está estrechamente relacionado con el concepto de razonabilidad. *Rivera v. Bco. Popular*, 152 DPR 140, 155 (2000). Cuando de la discreción de los tribunales se trata, los foros apelativos, como regla general, no intervendrán a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Hemos señalado que un tribunal incurre en abuso de su discreción, *inter alia*:

> [C]uando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013),

citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

Al encaminar el análisis a uno basado en la discreción judicial, le permitimos a los tribunales considerar los diversos factores que pueden influir al momento de determinar si una desestimación por no prestar la fianza de no residente será con o sin perjuicio. Para fines ilustrativos, y sin entenderse que constituye una lista exhaustiva, cuando un tribunal contemple emprender un curso de acción que prive a una parte de un remedio judicial, debe tomar en cuenta factores tales como:

> 1. **La política que favorece la adjudicación del litigio en su fondo.** *Valentín González v. Crespo Torres*, [145 DPR 887, 897 (1998)], *Echevarría Jiménez v. Sucesión de Pérez Meri*, 123 DPR 664, 673 (1989).
> 2. **La política que fomenta la disposición justa, rápida y económica del caso;** *Amaro González v. First Federal Savings Bank*, 132 DPR 1042, 1052 (1993).
> 3. **El grado al cual la parte a ser sancionada actuó deliberadamente** y supo o debió haber sabido las consecuencias de sus actos.
> 4. El **grado de responsabilidad de la parte** como tal en la acción que se va a sancionar;
> 5. **Los méritos y la importancia de la reclamación;**
> 6. **El impacto sobre otras partes** y sobre el interés público;
>
> .   .   .   .   .   .   .   .
>
> (Énfasis suplido). Hernández Colón, *op. cit.,* págs. 253-254.[15]

Partiendo de la explicación que antecede, si bien los tribunales gozan del poder para otorgarle virtualidad de cosa juzgada a una desestimación por incumplimiento en

---

[15] Similarmente, y en el contexto de una desestimación por no prestar la fianza de no residente, el tribunal debe considerar que la Regla 69.5 "hay que interpretarla con liberalidad y flexibilidad de manera que no constituya una barrera infranqueable al acceso de los no residentes a nuestros tribunales […]". J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Edición, Publicaciones JTS, 2011, pág. 1933.

prestar la fianza de no residente, tal efecto es producto de un análisis realizado por el tribunal sentenciador y no una norma de aplicación automática. La política judicial reseñada instruyó que la desestimación con efecto de adjudicación en los méritos debe declararse juiciosamente. Los jueces de instancia deben, mediante su juicio valorativo, dirimir si están presentes circunstancias apremiantes para desestimar una demanda con perjuicio. Ahora bien, **si al sopesar los factores pertinentes el foro primario determina que la desestimación debe ser sin perjuicio, tal actuación es válida salvo que se haya incurrido en un abuso de discreción. En ausencia de esto último, los tribunales apelativos no deben intervenir con la decisión del Tribunal de Primera Instancia de hacer la desestimación una con o sin perjuicio.**

Examinadas plenamente las presentes circunstancias, concluimos que el foro primario no incurrió en un abuso de su discreción al determinar que la desestimación sería sin perjuicio. En primer lugar, el Tribunal de Apelaciones solo modificó la Sentencia emitida por el foro primario porque interpretó que *Bram v. Gateway Plaza Inc.*, supra, requería que la desestimación decretada necesariamente fuese con perjuicio, asunto que hoy estamos aclarando. Es decir, el foro apelativo intermedio aplicó rigurosamente nuestro precedente sin incorporar a su revisión el factor de discreción judicial. En segundo lugar, al estar apenas en su génesis el proceso, el perjuicio verdadero a la recurrida no

es patente en este caso. En tercer lugar, la peticionaria, en cumplimiento de orden, compareció ante el foro primario, consignó la fianza y solicitó que el tribunal la aceptara tardíamente y continuara los procedimientos. Aunque vencido el término de sesenta (60) días, la peticionaria presentó la fianza dieciocho (18) días después y a la fecha que le concedió el tribunal para que mostrara causa por la cual no debía desestimar el pleito. Como punto de referencia, en *Bram v. Gateway Plaza, Inc.*, supra, aparte de que el reclamante tenía tiempo adicional para prestar la fianza pues el término *de facto* era mayor que el dispuesto por las Reglas de Procedimiento Civil actualmente, la parte dilató ciento ochenta (180) días en prestar la fianza. La diferencia en la magnitud de las tardanzas es palpable. Finalmente, la peticionaria adujo que la dilación sucedió porque estaba considerando vías alternas para atender su reclamación. Estas circunstancias, si se sopesan frente a los factores indicados previamente, apuntan a que la discreción ejercida por el tribunal de instancia no fue arbitraria.

A base de lo anterior, resolvemos que el foro primario no actuó irrazonablemente al declarar que la desestimación sería sin perjuicio. Dado la inexistencia de abuso de discreción, no se sustenta una modificación de la Sentencia a nivel apelativo para hacer de la desestimación una con perjuicio.

**IV**

En su último señalamiento de error, la peticionaria sostiene que incidió el Tribunal de Apelaciones al modificar la Sentencia dictada por el Tribunal de Primera Instancia y de esa forma imponerle el pago de honorarios de abogado a favor de la parte contraria.

De acuerdo con la Regla 44.1(d) de las de Procedimiento Civil, 32 LPRA Ap. V, los tribunales deben imponer el pago de honorarios de abogado a la parte perdidosa del pleito o a su representación legal cuando hayan proseguido con temeridad o frivolidad. Una parte es temeraria cuando incurre en un comportamiento que prolonga "innecesariamente o que obliga que la otra parte incurra en gestiones evitables [...], así como [cuando despliega una actitud] que afecta el buen funcionamiento y la administración de la justicia". (Citas omitidas). *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 212 (2013). El propósito de la imposición del pago de honorarios por temeridad es "sancionar al litigante perdidoso que por su temeridad, obstinación, contumacia e insistencia en una actitud frívola o desprovista de fundamento obliga a la otra parte a asumir innecesariamente las molestias, gastos, trabajo e inconveniencias de un pleito". *Blanco Matos v. Colón Mulero*, 200 DPR 398, 429 (2018), citando a *Méndez v. Morales*, 142 DPR 26, 40 (1996).

Partiendo de esto, en innumerables ocasiones hemos expresado que no procede la imposición del pago de honorarios de abogado cuando lo que se enuncia ante el tribunal son

controversias complejas y novedosas que no han sido resueltas, cuando se actúa acorde con una apreciación errónea del derecho y no hay precedentes establecidos sobre el asunto, o cuando existe alguna discrepancia genuina en cuanto a quién favorece el derecho aplicable. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006). En estas situaciones la temeridad es inexistente. En cambio, de estar el tribunal ante circunstancias que no cumplen con lo anterior, la determinación de la existencia de temeridad descansa en la sana discreción del Tribunal de Primera Instancia. *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993-994 (2013). Por ello, los tribunales apelativos solo intervendrán con tal determinación cuando surja claramente un abuso de discreción. *Meléndez Vega v. El Vocero de P.R.*, supra, pág. 211; *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005).

Según surge de la Moción presentada por la peticionaria contestando la Orden de Mostrar Causa emitida por el tribunal de instancia, aunque tardíamente, esta prestó la fianza exigida. Expresó que hubo cambios internos en la empresa que impidieron tomar una decisión sobre la continuación del pleito y que consideró otras alternativas para lidiar con la reclamación. Ante ese panorama, el foro primario impuso la sanción de desestimación conforme lo ordena la Regla 69.5 de Procedimiento Civil, *supra*, pero rehusó imponer los honorarios solicitados, incluso en reconsideración. A diferencia del Tribunal de Primera Instancia, el Tribunal de Apelaciones concedió honorarios de abogado porque entendió

que como la peticionaria no prestó la fianza a tiempo, no solicitó prórroga y no acreditó justa causa para la tardanza, la recurrida fue sometida "a los rigores judiciales en la defensa de su caso". Sin embargo, al obrar así pasó por alto que la determinación de la imposición de honorarios de abogado esencialmente descansa en la sana discreción del Tribunal de Primera Instancia. Para imponer honorarios de abogado posterior a que el foro inferior decidiera no hacerlo, el tribunal apelativo debió establecer que hubo un abuso de discreción.

En el caso de marras podemos constatar que la peticionaria no abandonó su reclamación y ha continuado defendiéndola tras la recurrida apelar el efecto concedido a la desestimación. A su vez, al momento de decretarse la desestimación, el proceso estaba incipiente, por lo que la recurrida no fue puesta en la posición de litigar la reclamación en su fondo. El perjuicio que la recurrida señaló haber sufrido fue tener que comparecer mediante escritos para hacer valer sus derechos. Evaluados los planteamientos, el foro primario determinó que la prestación tardía de la fianza fue injustificada y desestimó la reclamación, pero rechazó dictar que la conducta desplegada por la peticionaria se elevaba a una temeraria, frívola u obstinada. Para dicho foro las circunstancias ante sí no ameritaron la imposición del pago de honorarios de abogado contra la peticionaria.

Respetando el criterio establecido por este Tribunal al evaluar la imposición de honorarios de abogado, resolvemos que, a la luz de las particularidades señaladas, el Tribunal de Primera Instancia no actuó irrazonablemente al denegar imponer honorarios de abogado y, por ende, no abusó de su discreción. Sentado esto, debemos señalar que al activar la maquinaria judicial tanto la peticionaria como su representación legal debió prever que se le exigiría la prestación de una fianza de al menos mil dólares ($1,000.00). La Regla 69.5 de Procedimiento Civil, *supra*, palmariamente impone el pago de una fianza a una corporación foránea. El pago exigido a la peticionaria de ninguna manera surgió sorpresiva o inesperadamente. Por este motivo, le apercibimos a la peticionaria y sus abogados ser más diligentes con el cumplimiento de normas procesales cuya aplicación se desprende con meridiana claridad.

**V**

Por los fundamentos expuestos, se revoca la Sentencia del Tribunal de Apelaciones y se reinstala la Sentencia dictada por el Tribunal de Primera Instancia mediante la cual se desestimó el caso de autos sin perjuicio y sin la imposición de costas u honorarios de abogado.

Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| VS PR, LLC<br><br>    Peticionaria<br><br><br>    v.<br><br>Drift-Wind, Inc.; ORC<br>Miramar Corporation<br><br>    Recurridos | CC-2019-0519 | |

SENTENCIA

En San Juan, Puerto Rico, a 3 de junio de 2021.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la Sentencia del Tribunal de Apelaciones y se reinstala la Sentencia dictada por el Tribunal de Primera Instancia mediante la cual se desestimó el caso de autos sin perjuicio y sin la imposición de costas u honorarios de abogado.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo